UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

CA SILVERMAN,　　　　　　　　　　　　　　　　　　　　Case No. 15-12752-t7

　　　Debtor.

# OPINION

In 2012, the debtor CA Silverman conveyed a one-half joint tenancy in her house (her only asset of any significant value) to Samuel Tribble. She filed this case in 2015. Post-petition, the chapter 7 trustee filed an adversary proceeding against Tribble to avoid the transfer as fraudulent. The Court entered a default judgment in the trustee's favor in March 2016. The trustee now asks the Court to enter a "turnover" order requiring Debtor to cooperate in the marketing and sale of the house. In response, Debtor argues that she should have been named in the avoidance action and asks the Court to set aside the judgment. The Court concludes that the trustee was not required to name Debtor in the avoidance action, so her request and her opposition to the turnover motion lack merit.

## I.　　FACTS[1]

The Court finds the following facts solely for the purpose of ruling on this threshold issue:[2]

Debtor owns a house with a street address of 5410 Camote Road SW, Deming, NM 88030. In July 2012 she conveyed a one-half joint tenancy interest in the house to Tribble.

---

[1] The parties have asked the Court to rule on that preliminary issue based on the facts in the record and their briefs, without a final evidentiary hearing.

[2] The Court took judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may sua sponte take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

Debtor filed this chapter 7 case on October 19, 2015. Her initial Schedule A, filed with the petition, contained the following:

| Description and location of property | Nature of Debtor's interest in property | Husband, wife, joint, or community | Current value of debtor's interest in property without deducting any secured claim or exemption | Amount of secured claim |
|---|---|---|---|---|
| 5410 Camote Road SW, Deming NM 88030 ½ interest with co-owner with [sic] Samuel Tribble | Homstead [sic] | | $29,915.00 | $0.00 |

Debtor claimed a $29,915 homestead exemption on Schedule C. Six weeks later Debtor amended her Schedule A thusly:

| Description and location of property | Nature of Debtor's interest in property | Husband, wife, joint, or community | Current value of debtor's interest in property without deducting any secured claim or exemption | Amount of secured claim |
|---|---|---|---|---|
| 5410 Camote Road SW Deming NM 88030 | Homestead | | $42,510.00 | $0.00 |

Debtor also amended her Schedule C to increase her claimed homestead exemption from $29,915 to $42,510.[3]

On February 3, 2016, the trustee filed an adversary proceeding against Tribble to avoid, under a state law fraudulent transfer theory,[4] the conveyance of the joint tenancy in the house. Debtor was not named as a defendant. A copy of the complaint was docketed in the main case, so Debtor's counsel was aware of it.[5] Debtor did not seek to intervene in the proceeding. As Tribble never responded to the complaint, the Court entered a default judgment avoiding the conveyance on March 31, 2016.

---

[3] The trustee objected to the amended claim of exemption.
[4] NMSA §56-10-14 et seq.
[5] Debtor's first lawyer withdrew on January 8, 2016. Her current counsel entered his appearance January 11, 2016.

On November 5, 2018, the Court granted the trustee's application to retain a broker to sell the house. The trustee thereafter filed the turnover motion, stating that he "wishes to list and show the Subject Property with the Debtor's cooperation and without interference from the Debtor." The trustee asks for an order "requiring Debtor to cooperate with the trustee" in the effort to list, show, and sell the house.

Debtor objected to the turnover motion, making two arguments. First, she asserts she should have been named as a defendant in the avoidance action:

> Because the Debtor's rights in the property are affected, Debtor maintains that she was a necessary party to the action. . . . In this case, the Trustee filed an action to avoid the transfer of only a ½ undivided interest in Debtor's primary residence. The outcome [sic] the adversary would determine if the Debtor would maintain ownership with a person who would not have the right to deprive her of her ownership interest or with the Trustee who in turn could liquidate her primary residence leaving her homeless. Because of what was at stake in the adversary proceeding, it was imperative that the Debtor be named as a Defendant in the action.
>
> Furthermore, because the Debtor was not a party to the adversary action, she was deprived of raising any defenses whatsoever to the transfer of the ½ undivided interest. This is especially true when the Trustee obtained a default judgement over the transferee.

Second, Debtor argues that "[t]he motion for turnover is improperly brought by Motion. Bankruptcy Rule 7001(1) requires that an action for turnover should be brought as an adversary proceeding."

## II. DISCUSSION

A. <u>Debtor Was Not a Necessary Party to the Avoidance Action</u>.

Debtor argues she was a necessary party to the avoidance action under Fed. R. Civ. Pro. 19,[6] which provides in part:

(a) Persons Required to Be Joined if Feasible.

---

[6] Hereafter, a "Rule." Rule 19 is made applicable to the avoidance action by Fed. R. Bankr. P. ("Bankruptcy Rule") 7019.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> …
>
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Debtor's argument that she was an indispensable party fails.

1. <u>The Transferor Should Not be Named in an Avoidance Action Against the Transferee</u>. Case law makes clear that the transferor is not a necessary party to an avoidance action brought against the transferee if the transferor did not retain any interest in the transferred property. For example, in *In re Livecchi*, 2014 WL 7013463, at *4 (Bankr. W.D.N.Y.), the debtor contended he was a necessary party to a trustee action against his wife to avoid the transfer of a Ferrari. The court disagreed:

> The Debtor had no ownership interest in the property transferred. As the Second Circuit noted "[a] party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties*.'" *Mastercard Int'l Inc. v. Visa Int'l Service Ass'n Inc.,* 471 F.3d 377, 385 (2d. Cir.2006) (emphasis in original). It has been held that a debtor is not an indispensable party where the debtor no longer has an interest in the property transferred. *In re Walters,* 8 B.R. 163 (Bankr.N.D.Ga.1981); *see also In re Kahn,* 2014 Bankr. LEXIS 4205 (Bankr. E.D.N.Y. 2014); *In re Hopkins,* 494 B.R. 306 (Bankr. E.D. Tenn. 2013).
>
> The Debtor claimed no interest in the Ferrari and the Court could accord complete relief between the parties despite the Debtor's absence. The Debtor was, therefore, not a necessary party . . . .

*Id. In re M. Fabrikant & Sons, Inc.,* 394 B.R. 721 (Bankr. S.D.N.Y. 2008), is similar:

> [A]n earlier transferee who has parted with all interest in the transferred property is not necessary in a suit against a subsequent transferee. *Tsiatsios v. Tsiatsios*, 144 N.H. 438, 744 A.2d 75, 80 (1999) ("[W]e agree with the majority of jurisdictions that have held that a transferor who has parted with all interest in the property can

no longer be affected by any decree pertaining to the property, and that therefore the transferor is not a necessary party to a fraudulent transfer action.")

394 B.R. at 744–45. In *Silagy v. Ludwick (In re Denaro)*, 2016 WL 3135288, at *2 (Bankr. N.D. Ohio), the court ruled that when it can afford complete relief and the transferor did not retain an interest, she is not a necessary party:

> In this action, Debtor is not a necessary party. First, the court can accord complete relief between the existing parties, the chapter 7 trustee of the bankruptcy estate and the transferee, Defendant. The action seeks to recover the value that Defendant received, without fair consideration in return, of the transfer of the Jeep. Joining Debtor will not add or subtract to the relief requested. Second, when Debtor transferred the Jeep to Defendant, she did not retain an interest in the vehicle. When a transferor completely relinquishes an interest, s/he is not an indispensable party in a fraudulent transfer action. *Still v. Hopkins (In re Hopkins)*, 494 B.R. 306 (Bankr.E.D.Tenn.2013). Additionally, her property interests have become property of the estate, which trustee represents, and recovery of any interest inures to the benefit of the estate. 11 U.S.C. §§ 541, 550. Debtor's joinder under Rule 7019 is not necessary.

*Id. See also In re Kirtland*, 2011 WL 4621959, at *1 (Bankr. D. Id.) (dismissing action against debtor when the claim was solely to recover property transferred by him to his ex-wife). Here, Debtor retained no part of the transferred joint tenancy. The fact that she retained an interest in the house is of no moment. Rather, the question is whether she retained any interest in the property she transferred to Tribble. She did not. The Court therefore was able to afford complete relief to the trustee without the Debtor as a party.

2. <u>Debtor's Ability to Protect Her Interest in the House Was Not Impaired or Impeded</u>. Debtor's ability to protect her homestead was not impaired or impeded by the fact that she was not a party to the avoidance action. Debtor argues that Tribble, unlike the trustee, would not "have the right to deprive her of her ownership interest" in the house. That is incorrect. NMSA § 42-5-1 provides:

> When any lands, tenements or hereditaments shall be owned in joint tenancy, tenancy in common or coparcenary, whether the right or title be derived by

> donation, grant, purchase, devise or descent, it shall be lawful for any one or more persons interested, whether they be in possession or not, to present to the district court their complaint in chancery, praying for a division and partition of such premises, according to the respective rights of the parties interested therein, and for a sale thereof, if it shall appear that partition cannot be made without great prejudice to the owners.

Because the house could not be divided between Debtor and Tribble, a state court faced with a partition action would have to order the house sold then apportion the net proceeds equitably.

Debtor also complains that she was deprived of the ability to raise "any defenses whatsoever to the transfer of the ½ undivided interest." This argument fails because Debtor lacks standing to assert Tribble's defenses for him. For whatever reason, Tribble decided not to defend the avoidance action. Nothing Debtor could have asserted, had she been a co-defendant, could have altered the outcome once Tribble elected to default.

Finally, it should be noted that, pursuant to 11 U.S.C. § 551, the recovered joint tenancy did not revert to Debtor but is preserved for the benefit of the estate. *See* 5 Collier on Bankruptcy ¶ 551.01 (16th ed.) ("Any transfer avoided under section … 544 … of this title … is preserved for the benefit of the estate …."). Thus, even if Debtor had been a party to the action, she could not have reacquired Tribble's joint tenancy. The die was cast when she conveyed the interest to Tribble and then filed bankruptcy.

    3.    <u>Tribble Was Not Exposed to Double, Multiple, or Inconsistent Obligations</u>. Despite Debtor not being named, Tribble was not exposed to any risk of double, multiple, or inconsistent obligations. The only issue in the action was whether the trustee could recover the joint tenancy Tribble received in 2012. It was two-party litigation. Regardless of the outcome, Tribble could not have faced possible inconsistent obligations to Debtor, the trustee, or anyone else.

B.      The Judgment Avoiding the Conveyance Should Not be Set Aside.

Although Debtor's precise theory for opposing the turnover motion is not clear, it appears she contends that the judgment against Tribble should be set aside under Rule 60(b).[7]

1.      Debtor Lacks Standing to Challenge the Judgment. Generally, only parties to an action have standing to challenge a judgment under Rule 60(b).[8] For example, the court in *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647 (D.N.M. 2017), held:

> [R]ule 60(b) requires that the movant be a party in the matter. Rule 60(b) states that, "on motion and just terms, the court may relieve a party or its legal representative from a final judgment ...." Fed. R. Civ. Proc. 60(b). Thus, the general rule is that only a party to a final judgment, or someone in privity to such a party, may seek relief from that judgment under 60(b). See 11C. Wright & A. Miller, Federal Practice and Procedure § 2865, at 531 (3d ed. 2007) ("[O]ne who is in privity with a party [may] move under the rule.") . . . .

322 F.R.D. at 679. Similarly, the Tenth Circuit held in *Western Steel Erection Co. v. United States*, 424 F.2d 737 (10th Cir. 1970):

> Rule 60(b) states: 'On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding * * *.' This court has held that the term 'legal representative' embraces an heir at law who stood in the same position as the deceased judgment debtor in respect to real property transferred to the heir. *Ingerton v. First National Bank & Trust Co.*, 10 Cir., 291 F.2d 662, 664. The Fifth Circuit has similarly allowed a trustee in bankruptcy standing as a 'legal representative' under rule 60(b) because of the trustee's power and status in respect to assets of the estate under the Bankruptcy Act. In re *Casco Chemical Co.*, 335 F.2d 645, 651. The analysis is clear: A 'legal representative' under the rule is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action.

---

[7] Rule 60 applies to the adversary proceeding through Bankruptcy Rule 9024.
[8] The Court must address standing to the extent the issue arises at any point. *Warth v. Seldin,* 422 U.S. 490, 499(1975) (the existence of a case or controversy is the threshold question in every federal case); *see also In re Herrera*, 472 B.R. 839, 843 (Bankr. D.N.M. 2012).

424 F.2d at 738-39 (citations omitted). Debtor was not a party to the adversary proceeding. Further, while at one time she had been in privity of estate with Tribble,[9] she is not in privity with him for Rule 60(b) purposes. In *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1174 (10th Cir. 1979), the Tenth Circuit held:

> There is no definition of "privity" which can be automatically applied in all cases involving the doctrines of res judicata and collateral estoppel. Thus, each case must be carefully examined to determine whether the circumstances require its application.… Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same.

605 F.2d at 1174. Here, Debtor and Tribble lack the necessary identity of interest. By Debtor's admission, her goal is to avoid a § 363(h) sale of her house. Tribble's interest, on the other hand, would have been to retain his joint tenancy, which apparently is worth about $20,000. The interests are not similar enough to make Debtor Tribble's privy for Rule 60(b) purposes. Debtor therefore lacks standing to attack the judgment under Rule 60(b).

2. <u>Any Rule 60(b) Challenge Must be Brought in the Proceeding</u>. Further, the proper place to file a Rule 60(b) motion is in the adversary proceeding, not the main case. Debtor's objection, filed in the main case, is procedurally improper.

3. <u>There Are no Grounds for Relief Under Rule 60(b)</u>. Third, the facts do not warrant Rule 60(b) relief. Rule 60(b) lists six grounds for relief from a final judgment. The first three must be brought within one year of the judgment's entry. *See* Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") As it has been more

---

[9] *See, e.g., Hearn v. Autumn Woods Office Park Property Owners Ass'n*, 757 So. 2d 155, 158 (Miss. 1999) (privity of estate is that which exists between, inter alia, joint tenants). After the avoidance judgment was entered, Debtor was in privity of estate with the trustee.

than three years since the Court entered the judgment, relief under Rule 60(b)(1)-(3) is not available.

Second, the judgment is not void, so Rule 60(b)(4) cannot be used. The only colorable basis for attacking the judgment's validity is Debtor's Rule 19 argument. That argument lacks merit, as shown above, so no relief is available under Rule 60(b)(4).

Third, Rule 60(b)(5) does not apply because the judgment has not been satisfied, released, or discharged and is not based on an earlier reversed or vacated judgment. Likewise, applying the judgment prospectively would not be inequitable.

Finally, Rule 60(b)(6) does not apply. "Relief under Rule 60(b)(6) is generally only available under extraordinary circumstances, and a party may not rely on this catch-all provision if the relief requested falls within Rule 60(b)'s other enumerated grounds for relief." *In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *4 (Bankr. D.N.M.). There are no extraordinary circumstances here that would warrant setting aside the judgment under Rule 60(b)(6).

C.      <u>Seeking Turnover by Motion is Appropriate</u>.

In addition to arguing that she should have been named as a defendant in the avoidance action, Debtor argues that the trustee should have sought turnover through an adversary proceeding rather than a motion. The argument must be overruled. Bankruptcy Rule 7001 provides:

> Rule 7001. Scope of Part VII
> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee…
>> . . .

An Advisory Committee Note states:

> 1987 Amendment
> Another exception is added to clause (1). A trustee may proceed by motion to recover property from the debtor.

-9-
Case 15-12752-t7    Doc 57    Filed 07/24/19    Entered 07/24/19 14:49:13 Page 9 of 10

The trustee's turnover request was properly brought by motion.

### III. CONCLUSION

Debtor was not a necessary party to the avoidance action so there are no grounds for setting aside the judgment against Tribble. In any event, Debtor lacks standing to seek such relief. The Court will set a final hearing on the relief requested in the turnover motion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 24, 2019

Copies to: counsel of record